*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0597**

State of Minnesota,
Respondent,

vs.

Deandre Lashawn Robinson,
Appellant.

**Filed January 9, 2017
Affirmed
Johnson, Judge**

Ramsey County District Court
File No. 62-CR-14-4425

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Thomas B. Hatch, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Roy G. Spurbeck, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Johnson, Presiding Judge; Reyes, Judge; and Tracy M. Smith, Judge.

## UNPUBLISHED OPINION

**JOHNSON**, Judge

The district court revoked Deandre Lashawn Robinson's probation because he violated a condition of probation that prohibited him from being present in an automobile

with a firearm. Robinson argues that the district court erred because the condition is invalid and because the state did not prove by clear and convincing evidence that he intentionally violated the condition. We affirm.

## FACTS

Robinson pleaded guilty to robbery in September 2014. The district court imposed a sentence of 28 months of imprisonment but stayed the sentence for ten years and placed Robinson on probation. The district court imposed a number of conditions on Robinson's probation. One condition prohibited Robinson from "be[ing] found in an automobile with a firearm."

On the evening of June 17, 2015, two Minneapolis police officers stopped a vehicle that was being driven by Robinson, who was the only person in the vehicle. After removing Robinson from the vehicle, one of the officers noticed that the cushion of the driver's seat had been removed from the metal seat frame. The officer lifted up the cushion and found a loaded .45-caliber handgun. DNA testing of genetic material on the handgun excluded 87.5 percent of the population but did not exclude Robinson.

In July 2015, the Ramsey County Community Corrections Department filed an amended violation report alleging that Robinson had committed six violations of the conditions of his probation, including an alleged violation for being found in an automobile with a firearm. Robinson admitted four alleged violations relating to controlled substances, and the state voluntarily dismissed one alleged violation, but Robinson challenged the alleged violation for being found in an automobile with a firearm.

2

The district court conducted an evidentiary hearing on two days in January 2016. The state presented the testimony of two Minneapolis police officers, two Ramsey County probation officers, and two forensic scientists. After the hearing, the district court issued an order in which it found that Robinson intentionally violated a condition of probation by being found in an automobile with a firearm. The district court revoked Robinson's probation and executed the 28-month prison sentence. Robinson appeals.

## D E C I S I O N

Robinson argues that the district court erred by revoking his probation and executing his prison sentence for two reasons. First, he argues that the condition he was found to have violated is invalid. Second, he argues that the state did not prove by clear and convincing evidence that he intentionally violated the condition. We will begin by considering Robinson's second argument.

The supreme court has prescribed a three-step analysis for deciding whether an offender's probation should be revoked. A district court may revoke probation only if the court (1) "designate[s] the specific condition" of probation that has been violated, (2) "find[s] that the violation was intentional or inexcusable," and (3) finds that the "need for confinement outweighs the policies favoring probation." *State v. Austin*, 295 N.W.2d 246, 250 (Minn. 1980); *see also State v. Modtland*, 695 N.W.2d 602, 606 (Minn. 2005). A district court may not revoke probation unless the state has proved a violation by clear and convincing evidence. *See* Minn. R. Crim. P. 27.04, subd. 2(1)(c)b. This court applies an abuse-of-discretion standard of review to a district court's finding that an offender has violated a condition of probation. *Austin*, 295 N.W.2d at 249-50.

In this case, the district court expressly referred to three sources of evidence that supported the finding that Robinson had violated a condition of his probation: the DNA testing, the location in which the handgun was found, and the fact that Robinson was alone in the vehicle. The district court found that Robinson "knowingly and intentionally drove a vehicle containing a loaded, 45 caliber handgun" and that Robinson "knew that there was a handgun in the vehicle." The district court based its finding on "a very high probability that Defendant knew about the weapon." The district court also reasoned that it is "extremely unlikely that a person other than the Defendant whose DNA matched the pertinent portions of Defendant's DNA profile would also have had access to the same vehicle."

Robinson argues that the state did not prove by clear and convincing evidence that he knew that there was a firearm in the vehicle he was driving. Robinson points out that he was not the registered owner of the vehicle and that there was no evidence about other persons who may have driven the vehicle. He notes that the presence of the firearm was not obvious because it was not in plain sight. And he asserts that the DNA evidence was inconclusive because the genetic sample that was tested revealed a mixture of four or more persons' DNA and because the DNA evidence excluded only seven-eighths of the population. In response, the state argues that the evidence shows that, before he was stopped, Robinson was known to often drive the vehicle in which he was stopped. The state also argues that one of the officers readily saw that the seat cushion had been removed from the seat frame.

The district court's findings are supported by the evidentiary record. The officers testified that they had received information before stopping Robinson that he regularly drove the vehicle in which the firearm was found. In addition, photographs of the driver's seat were admitted into evidence, and they corroborate the officer's testimony that the seat cushion appeared to have been removed from the metal seat frame. The DNA evidence is not conclusive in itself but, in combination with the other evidence, tends to support the district court's finding. Thus, the district court did not abuse its discretion by concluding that there was sufficient evidence to justify the revocation of Robinson's probation. Accordingly, we reject Robinson's second argument, that the state did not prove by clear and convincing evidence that he intentionally violated the condition.

We next consider Robinson's first argument, that the probation condition he was found to have violated is invalid. He contends that the condition is invalid on the ground that the condition does not require a finding that Robinson knowingly was present in a vehicle with a firearm, which could result in his being deprived of his liberty "for factors outside of his control." In response, the state argues that the condition is not invalid because it was "reasonably related to the purposes of sentencing" and was not "unduly restrictive of [his] liberty or autonomy." *See State v. Friberg*, 435 N.W.2d 509, 515 (Minn. 1989).

In light of the applicable caselaw, a district court cannot revoke an offender's probation without making a finding that the offender intentionally or inexcusably violated a condition of probation. *See Austin*, 295 N.W.2d at 250. In this case, the district court expressly found that Robinson intentionally was present in a vehicle with a firearm. It is

immaterial that the probation condition did not expressly require a finding of a knowing and intentional violation because such a finding actually was made. Accordingly, we reject Robinson's first argument, that the probation condition that he was found to have violated is invalid.

In sum, the district court did not err by revoking Robinson's probation and executing his prison sentence.

**Affirmed.**